[No. 35984.   *En Banc.*   May 10, 1962.]

*In the Matter of the Adoption of* ROBERT MICHAEL LUNDIN *et al., Minors.**

*Maslan, Maslan & Hanan* and *Ben A. Maslan,* for appellants.

*Thomas J. Isaac,* for respondent.

WEAVER, J.—This is an appeal from an order dismissing appellant Bertha M. Hacker Lundin's petition for cancellation of a decree of adoption. The order of dismissal, sub silentio, also disposes of a motion filed in the cause by Robert Lundin, the natural father of the children. Appellants' sole assignment of error is directed to the court's finding of fact:

"That Bertha Hacker Lundin had no interest whatsoever in said children, recognized by the court, consequently had no standing to assail the adoption decree."

Both the natural father and the paternal grandmother join in the notice of appeal.

*Reported in 371 P. (2d) 275.

The following facts are unchallenged:

August 15, 1956, Robert Lundin and Joan Lundin (now Talmadge) were divorced; custody of their two minor children, Robert Michael and Kathleen Diane, was given to the father with visitation rights reserved to the mother.

Prior to the divorce and until the decree of adoption (to which we refer later), the children resided with appellant Bertha Lundin, the paternal grandmother, under the terms of "informal written agreements from Joan Talmadge (then Lundin) and Robert Lundin dated in December of 1955."

June 21, 1957, Joan Lundin married Michael Talmadge, an enlisted man in the United States Navy.

April 18, 1960, Robert Lundin, the natural father, consented, in writing, to the adoption of his children by Michael Talmadge. On the same day, Michael Talmadge, joined by his wife, petitioned the court to adopt the children and change their name to Talmadge. No notice of this petition, or hearing thereon, was given to appellant grandmother with whom the children were living.

April 20, 1960, the superior court entered a decree of adoption, which, pursuant to RCW 26.32.120, was interlocutory for a period of six months.

RCW 26.32.130 provides, in part:

"At any time prior to the expiration of six months from entry of such decree [adoption], any *interested person* may file in the adoption proceedings his verified petition for the vacation or modification of such decree." (Italics ours.)

Pursuant to the above-quoted statute, appellant Bertha M. Hacker Lundin, the paternal grandmother, filed a petition on July 21, 1960, for cancellation of the decree of adoption.

Issues having been joined by answer and reply, the matter came on for trial; no testimony was taken; the trial court, upon motion, announced that it would dismiss the petition for want of jurisdiction because the petition of the grandmother ". . . is completely without any sanction from the law at all. . . ."

Subsequent to this announcement, but prior to the entry of findings of fact, conclusions of law, and order of dis-

missal, the father of the children filed a motion requesting the court

" . . . to withhold final ruling on the validity of the adoption proceedings and the validity of the adoption decree . . . until the court determines the present physical and mental condition of Joan Talmadge, the mother of the said children, with particular reference to her condition of epilepsy grand mal. . . ."

In his affidavit supporting the motion, affiant stated: that he had signed the consent to adoption upon the assurance of his former wife that " . . . her grand mal epilepsy was under control and that she had had no seizures for over a year. . . ."; that he had examined medical reports indicating the contrary; that he desired " . . . to withhold his consent to the adoption until proof is made to the court as to her actual condition . . ."; and that if the grand mal epilepsy has not been controlled, the adoption " . . . should not go through and that this affiant will want to reclaim custody of the said children. . . ."

Endorsed on the motion is a long-hand notation, initialed by the trial judge, that the motion was presented to and considered by the court prior to signing the findings of fact, conclusions of law, and order of dismissal.

The allegations of the motion and the affidavit of the father are similar to some of the allegations of the grandmother's petition.

The cause having been dismissed, both the father of the children and the grandmother appeal.

■ Although not filed at the commencement of the action, the father's motion was, nevertheless, filed pendente lite. It cannot be disputed that the natural father of the children is an "interested person" under RCW 26.32.130, quoted *supra,* and has the right, under the statute, to have determined the issues raised by him. We need not determine the status of the grandmother.

Upon remand and trial, RCW 26.32.130 sets forth the guide to be followed:

"Such decree [adoption] may be vacated only where the

court finds from the facts alleged and proven that no other solution is possible, consistent with the welfare of the minor child. . . . Upon such hearing, if the petition is granted, the court shall enter an order vacating the decree of adoption, and may also make such further order for the welfare of the child as in its discretion seems proper. . . ."

The order of dismissal is reversed, and the cause remanded for further proceedings. Each party will bear his costs on appeal.

It is so ordered.

FINLEY, C. J., HILL, DONWORTH, ROSELLINI, OTT, FOSTER, and HUNTER, JJ., concur.

July 6, 1962. Petition for rehearing denied.